UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IKEIE SMITH,

    Petitioner,

v.

TERRY WILKINS,

    Respondent.

Case No. 19-12172
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING SMITH'S MOTION FOR RECONSIDERATION [40] AND MOTION TO STAY [41]**

    Ikeie Smith is currently incarcerated at the Baraga Maximum Correctional Facility. Four days into his jury trial in 2014, Smith pled guilty to ten counts of first-degree criminal sexual conduct, five counts of second-degree criminal sexual conduct, two counts of torture, one count of assault with intent to do great bodily harm, nine counts of first-degree home invasion, one count of armed robbery, and two counts of unarmed robbery. He was sentenced to 30 concurrent prison terms, the longest of which are 55-to-80-year terms for his first-degree criminal sexual misconduct and armed robbery convictions.

    Smith came to this Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming, among other things, violations of due process and ineffective assistance of trial and appellate counsel. On August 13, 2024, the Court denied Smith's habeas petition (ECF No. 37), denied a certificate of appealability and leave to proceed in forma pauperis on appeal (ECF No. 38), and issued a judgment (ECF No. 39).

Smith disagrees with the Court's ruling and has filed a motion for reconsideration. (ECF No. 40.) But this District's Local Rules preclude motions for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1). Instead, consistent with the Local Rules, the Court will construe Smith's motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Rule 60(b).

Start with Rule 59(e). Relief under this provision is discretionary. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id*. Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id*. (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Smith does not allege a change in law or newly discovered facts. He argues that the Court erred in ruling that his claims were procedurally defaulted, because he only filed a motion for relief from judgment in one out of the nine cases he was convicted in. (*See* ECF No. 40.) In other words, he takes issue with the Court's ruling that he no longer has the ability to fully exhaust his unexhausted claims.

Smith's premise is factually incorrect. Smith has twice moved for relief from judgment in the state courts and both times his motions were denied. These rulings covered all of his cases. On March 12, 2020, the trial court issued an opinion denying

2

the motion for relief from judgment as to one case number. (ECF No. 14-5.) Smith then filed a second motion for relief from judgment in the trial court. (ECF No. 14-6.) This motion listed all nine case numbers, raised the same claims as his first motion, and added a new claim asserting that the police lacked probable cause to obtain his DNA sample. (*Id.* at PageID.620–622.) The trial court denied the motion as to the remaining eight cases under Michigan Court Rule 6.508(D)(2) and (3). (ECF No. 14-8, PageID.701, 706–708.) The Court of Appeals affirmed the denial of his first motion for relief from judgment. *Smith*, 2022 WL 3568056, at *6, available on this docket at (ECF No. 14-5, PageID.1315–1322). Smith did not appeal the trial court's decision denying his second motion and the time to do so has passed. Thus, contrary to Smith's assertions, there are no "state court remedies[] still available to him." (ECF No. 40, PageID.2720.)

And, in any event, Smith should have raised this argument before judgment issued. It is not proper to do so now. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (recognizing that Rule 59(e) motions should not be used to raise arguments which could, and should, have been made before judgment issued) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Smith's motion also fails under the catchall provision of Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any" other reason that justifies relief (beyond those set forth in Rule 60(b)(1)-(5), none of which apply). *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not

3

allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."). This provision "vests courts with a deep reservoir of equitable power to vacate judgments to achieve substantial justice in the most unusual and extreme situations." *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018). Smith has not shown that this is such a case. Nothing he argued persuades the Court that it must set aside its prior conclusions regarding the merits of his habeas claims.

Smith also asks the Court to stay his habeas petition so he can exhaust issues raised in the other eight cases. (*See* ECF No. 41.) But there is nothing to stay. The Court has already ruled on the petition. And, as explained, Smith already had his opportunities to bring motions for post-conviction relief in the state courts.

In sum, the Court did not err in determining that Smith's claims were procedurally defaulted, and there is no basis for staying his completed case. Thus, Smith's motion for reconsideration (ECF No. 40) and his motion to stay (ECF No. 41) are DENIED.

**SO ORDERED.**

Dated: September 20, 2024

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE